IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,977-01






EX PARTE OCTAVIO BONILLA ORTIZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR01475 IN THE 84TH DISTRICT COURT


FROM HANSFORD COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance and was originally given five years' community supervision. His community
supervision was later revoked, and he was sentenced to five years' imprisonment. The Seventh
Court of Appeals affirmed his revocation and conviction. Ortiz v. State, No. 07-09-00263-CR (Tex.
App. - Amarillo, May 16, 2011, no pet.).

 This Court initially dismissed Applicant's habeas application, because the record contained
no evidence that Applicant's community supervision had been revoked. However, Applicant has
since provided the Court with copies of the judgment revoking community supervision and the
appellate opinion. Therefore, this Court hereby reconsiders the dismissal of the application and will
consider the merits of Applicant's claims.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
refused to file a motion to suppress, and because counsel failed to advise him that he would be
deported as a result of this conviction. Applicant alleges that counsel advised him that he "could"
be deported. Applicant alleges that he would not have pleaded guilty had he know that he would
definitely be deported as a result of this conviction.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea documents,
including the written admonishments, waivers and stipulations, and any plea agreement. The Court
shall also supplement the record with a transcription of the plea proceedings. The trial court shall
then make findings of fact and conclusions of law as to whether Applicant was advised of the
immigration consequences of his plea, and specifically as to whether Applicant was advised that he
could be deported as a result of this conviction, or that he would definitely be deported as a result
of the conviction. The trial court shall make findings as to whether the performance of Applicant's
trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: September 12, 2012

Do not publish